TIMOTHY DEMOCRAT, lessee of JOSEPH ADAMS *against* CHRISTLY GOOD-
LANDER, DICTERICK WIRTZ, NICHOLAS WELSH and JACOB WELSH.

*Papers found in the office of the deputy surveyor of the district, and in his hand-writing,
may be given in evidence, to impeach his return of survey.*

*Improvements within the Indian purchase of 1768, will not affect lottery orders, but may
give a preference to lands really vacant, when made after the purchase and opening of
the land office.*

EJECTMENT for lands on Dog Run, on the south side of the west
branch of Susquehannah.

The plaintiff claimed under an application in the name of David
Laning, No. 149, entered 3d April 1769; a survey of 300 acres and
allowance made by Charles Lukens, on the 28th June 1769; a deed
from Laning to John Cox, in consideration of 5*s.* dated 14th February
1772; a warrant of acceptance of the survey in favour of Cox, dated
23d April 1789, which was returned accordingly on the 5th May fol-
lowing; a patent dated 11th of the same month, in consideration of
54*l.* 2*s.* 6*d.*; and a conveyance from Cox to Adams of 126 acres, part
of the survey, in consideration of 90*l.* with special warranty, dated
17th February 1792.

The defendants claimed under different titles, and contended, that
the original survey made for Laning did not comprehend the interfer-
ences now in question. Goodlander and Wirtz claimed under an appli-
cation in the name of Jacob Rees, No. 867, entered also on the 3d
April 1769, and a survey of 325 acres and allowance, made by the
said Charles Lukens, on the 23d October 1769, and a consequent pa-
tent dated 28th January 1773.

The two Welsh's held, under an original settlement and improve-
ment made by Daniel Nargang in 1771, on the lands, (whose two only
daughters they had married) and a warrant for 200 acres taken out
by him on the 16th November 1772.

To show that the survey made by Laning did not include the lands
in dispute, the defendants offered in evidence certain original papers,
found amongst the public papers in the office of the deputy surveyor of
the district, in the hand-writing of said Charles Lukens, who died many
years ago, as follows: one purporting to be a fair and complete sur-
vey made by him of 191¼ acres and allowance, on the 28th June 1769,
on Laning's application, the adjoining lands being called vacant. An-
other of the like kind. on Samuel Pearson's application, No. 775,
containing 238½ acres (which was also claimed by Cox;) both being
indorsed "New returns made by order of John Cox," in Luken's
hand-writing. Another, being a tabling of the same courses and dis-

tances of both surveys together, and a calculation made thereof, said to contain 429 acres and 72 perches, also indorsed by him, " Returned January 1771." And a second tabling of other courses and distances,. corresponding with the survey relied on, and making the contents of both to be 606 acres ; which papers were slightly opposed as evidence by the counsel for the plaintiff, who alleged that such presumptions of fraud in the deputy surveyor ought not to affect an honest *bona fide* purchaser, holding under a title strictly legal.

But the court ruled, that the papers offered should be read in evidence. It is true, such papers should be treated with due caution, and consideration had of all the attendant circumstances. Here there is strong ground to infer, that the first surveys were enlarged by the deputy surveyor, by some act subsequent to January 1771. And it is observable, that Laning's survey now contended for, calls for Jacob Rees on the south, though the survey for the latter was not made till October following ; and some of the corner trees on being blocked, do not correspond with the time of survey, within nine years. Rees's survey too calls for vacant lands on three sides, and mentions only Dieterick Rees and John Zimmerman as adjoining ; whereas, if Laning's lay contiguous thereto, and was previously run by the same surveyor, he would probably have mentioned it. Mr. Cox was circumscribed and concluded by the lines of his survey, and the same shall be presumed to be made by the consent of himself or his agent, unless the contrary appears. When a survey has been completed, no new survey can be made on the same warrant or order without fresh directions, to the prejudice of other persons. It is certain, that a return of survey may be impeached by satisfactory proof ; but whether the circumstances in each case, taken together, will produce that effect, is the province of the jury to determine.

The court, in their charge to the jury, observed as to the Welsh's pretensions, that though public notice was given at the opening of the land office on the 3d April 1769, " that those persons who had settled, or made what they call improvements, since the Indian purchase, should not thereby acquire any advantage," and lottery orders are not affected thereby, yet lands within that purchase may be fairly claimed by real subsequent settlements ; properly followed up on ground wholly vacant, after allowing a just and reasonable time for the appropriation of applications. If the jury are fully satisfied, that Laning's survey did not originally include the lands afterwards occupied by Nargang in 1771, the only question will then be, whether the enlarged survey of Cox preceded the improvement ; and it would seem from

some of the corner trees being marked only nineteen years back, that the additional survey was some years posterior : but on this point the court were of opinion, that on the establishment of the first matter, the *onus probandi* as to the latter, is necessarily thrown on the plaintiff.

Verdict for the defendant.

Messrs. Ingersoll, Kidd and Hall, *pro quer.*

Messrs. Duncan and D. Smith, *pro def.*

---

Lessee of Eleanor De Haas and John Philip De Haas *against* Josiah Galbreath.

One putting in two applications in the lottery for the same lands, forfeits both.

Depositions used before the Board of Property, no evidence on a trial between the same parties.

Though applications are to be liberally judged of, yet they shall give no title to lands in opposition to their terms, to the injury of others.

Ejectment for 330 acres of land in Mahoning township. The plaintiff's title was as follows :

Application in the name of John M'Cally for 300 acres, adjoining the path from Mahoning to Muncey creek, eastward of the said path, on the branches of Chillesquaqui, including a bog meadow, entered 3d April 1769, No. 712, indorsed " Richard Peters, jun. "

Survey thereon of 330 acres and allowance, by William Scull, deputy surveyor, on the 15th May 1771, which was brought into the surveyor general's office on the 3d July 1771, and Scull charged with 5s. 6d. thereon.

Receiver general's receipt for 36l. 1s. 6d. dated 14th November 1772.

A warrant of acceptance to receive the survey issued in favor of John Philips De Haas, sen. on the 17th November 1772, and on the 19th of the same month it was returned ; and it was agreed that the interest in this location was vested in the plaintiff's lessors.

The defendant claimed title under an application, in his own name, for 300 acres, on the head of the west branch of Chillesquaqui creek, and to extend to include the Beaver Dams on the said branch, entered 3d April 1769, No. 2076 ; and a survey thereon of 330 acres, by the said William Scull, on the 4th June 1769, which was brought into the surveyor general's office on the 7th December 1772.

A caveat was entered against the sealing of the patent to De Haas on the 10th December following ; the secretary and receiver general made their decision thereon in favor of the defendant, on the 5th June 1773.